Lee Litigation Group, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

ARTURO MARTINEZ and ONESIMO PRADO,
*on behalf of themselves, FLSA Collective Plaintiffs and the Class,*

                Plaintiffs,

v.

AMBOY FOOD DISTRIBUTORS CORP.
    d/b/a TOP TOMATO,
VICTORY PRODUCE, LLC
    d/b/a TOP TOMATO,
A&S BROADWAY PRODUCE, INC.
    d/b/a TOP TOMATO,
TOP TOMATO SUPER STORE LLC
    d/b/a TOP TOMATO,
TOP TOMATO PLAZA, LLC d/b/a TOP TOMATO,
FREEHOLD FARMERS MARKET LLC
    d/b/a TOP TOMATO,
TOP TOMATO SUPER STORE INC.
    d/b/a TOP TOMATO,
TOP TOMATO GOURMET MARKET & PHARMACY
    INC. d/b/a TOP TOMATO,
ANTHONY SCIANDRA,
SALVATORE SCIANDRA SR.,
PETER SCIANDRA, and
STEVEN SCIANDRA,

                Defendants.

---

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

      Plaintiffs, Arturo Martinez and Onesimo Prado ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class

1

and Collective Action Complaint against Defendants, AMBOY FOOD DISTRIBUTORS CORP. d/b/a TOP TOMATO, VICTORY PRODUCE, LLC d/b/a TOP TOMATO, A&S BROADWAY PRODUCE, INC. d/b/a TOP TOMATO, TOP TOMATO SUPER STORE LLC d/b/a TOP TOMATO, and TOP TOMATO PLAZA, LLC d/b/a TOP TOMATO, FREEHOLD FARMERS MARKET LLC d/b/a TOP TOMATO, TOP TOMATO SUPER STORE INC. d/b/a TOP TOMATO, TOP TOMATO GOURMET MARKET & PHARMACY INC. d/b/a TOP TOMATO (together the "Corporate Defendants"), ANTHONY SCIANDRA, SALVATORE SCIANDRA SR., PETER SCIANDRA and STEVEN SCIANDRA (together the "Individual Defendants" and collectively with the Corporate Defendants, the "Defendants") and state as follows:

## INTRODUCTION

1.    Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid overtime (2) liquidated damages and (3) attorneys' fees and costs.

2.    Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread of hours premium, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

3.    Plaintiffs further allege that, pursuant to the New Jersey State Wage and Hour Law, they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and statutory penalties and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff Arturo Martinez is a resident of Kings County, New York.

7. Plaintiff Onesimo Prado is a resident of Richmond County, New York.

8. The Defendants operate a chain of supermarkets nationwide using the common trade name "Top Tomato." There are currently eight Top Tomato supermarkets located throughout New Jersey and New York. At each of the supermarket locations, customers can shop for produce, meats, dairy products, and specialized Italian food items such as Provolone, Italian sausage, Italian bread, etc. Defendants also operate a deli counter at each of the Top Tomato supermarket locations. Finally, Defendants offer catering services advertised on their websites (at each of http://toptomatosuperstore.com/ and http://toptomatosuperstorenj.com/).

9. Defendants operate eight Top Tomato locations as follows:

   (1) 4045 Amboy Road, Staten Island, New York ("Top Tomato Amboy Road");

   (2) 3579 Victory Blvd, Staten Island, New York ("Top Tomato Victory Blvd.");

   (3) 240 Page Ave, Staten Island, New York ("Top Tomato Page Ave");

   (4) 1071 Bay Street, Staten Island, New York ("Top Tomato Bay Street");

   (5) 420 S. Broadway, Yonkers, New York ("Top Tomato Yonkers");

   (6) 200 Mounts Corner Dr., Freehold, New Jersey ("Top Tomato Freehold");

   (7) 515 Brick Blvd, Brick, New Jersey ("Top Tomato Brick"); and

   (8) 2371 Route 36N., Atlantic Highlands, New Jersey. ("Top Tomato Route 36N.") (collectively, the "Top Tomato Supermarkets").

10. The Top Tomato Supermarkets operate as a single integrated enterprise. Specifically, the Top Tomato Supermarkets are engaged in related activities, share common control (including common ownership) and have a common business purpose.

(a) The Top Tomato Supermarkets are commonly owned and operated by certain members of the Sciandra family, named as the Individual Defendants herein, and by the Corporate Defendants.

(b) The Top Tomato Supermarkets are advertised jointly as a common enterprise on Defendants' website, http://toptomatosuperstore.com/ (See **Exhibit 1** – official website homepage). A timeline of the history of Top Tomato is posted on the "About Us" page of the Main Website. (See **Exhibit 2 –** the "About Us" page). On the "About Us" page it states,

- "The first formal Top Tomato store was built in 1979 … " *Id.*

- "Throughout the years, Top Tomato has continued to open and operate a number of stores in New York. At our peak, we operated a total of 13 stores at one time." *Id.*

- "With Seven existing locations today, Top Tomato remains your ideal superstore for farm fresh produce, gourmet deli meats, catering for all occasions, and so much more!" *Id.*

All eight but one Top Tomato Supermarkets (Top Tomato Route 36N., which was apparently opened after the website was last updated) currently operated by Defendants are listed on the About Us page.

(c) The Top Tomato Supermarkets are operated under the same brand name, share a common logo, and sell similar specialty Italian grocery items. They also share the

4

same catering menus posted on the Catering Menus page of the website (See **Exhibit 3** – "Catering Menus – BBQ Menu" page).

(d)     They are also advertised jointly on (i) the Top Tomato Facebook page (See **Exhibit 4** – Facebook timeline and "About" page); and (ii) the weekly advertising circular which is also published on their website and Facebook timeline (*See* **Exhibit 5** – sample weekly circular; **Exhibit 4**, Facebook timeline). The same campaign slogan is printed on their weekly advertising circular, "*No Club Card, No Adding Points, No Gimmicks! Just Low Prices – Every Aisle, Every Day!*" **Exhibit 5.**

(e)     Merchandise and employees are interchangeable amongst the Top Tomato Supermarkets.

11.     Corporate Defendants:

(a)     AMBOY FOOD DISTRIBUTION CORP. is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principle place of business located at 4045 Amboy Road, Staten Island, NY 10308. AMBOY FOOD DISTRIBUTION CORP. operates Top Tomato Amboy Road.

(b)     VICTORY PRODUCE, LLC is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principle place of business located at 3579 Victory Blvd., Staten Island, New York 10314. VICTORY PRODUCE, LLC operates Top Tomato Victory Blvd.

(c)     A&S BROADWAY PRODUCE, INC. is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principle place of business located at 420 S Broadway, Yonkers, New York 10701. A&S BROADWAY PRODUCE, INC. operates Top Tomato Yonkers.

(d) TOP TOMATO PLAZA, LLC is a limited liability corporation organized under the laws of the State of New York with an address for service of process located at C/O Salvatore Sciandra Irrevocable Trust, 3555 Victory Boulevard, Staten Island, New York 10314 and principle place of business located at 240 Page Ave, Staten Island, New York 10307. TOP TOMATO PLAZA, LLC operates Top Tomato Page Ave.

(e) TOP TOMATO SUPER STORE LLC is a limited liability corporation organized under the laws of the State of New York with an address for service of process located at Amboy Food Distribution Corp. d/b/a Top Tomato, 4045 Amboy Road, Staten Island, New York 10308 and principle place of business located at 1071 Bay Street, Staten Island, New York 10305. TOP TOMATO SUPER STORE LLC operates Top Tomato Bay Street.

(f) FREEHOLD FARMERS MARKET LLC is a limited liability corporation organized under the laws of the State of New Jersey with a principle place of business located at 200 Mounts Corner Drive, Freehold, New Jersey 07728. FREEHOLD FARMERS MARKET LLC operates Top Tomato Freehold.

(g) TOP TOMATO SUPER STORE INC. is a business corporation organized under the laws of the State of New Jersey with a principle place of business located at 515 Brick Blvd., Brick, New Jersey 08723. Upon information and belief, TOP TOMATO SUPER STORE INC. operates Top Tomato Brick.

(h) TOP TOMATO GOURMET MARKET & PHARMACY INC. is a business corporation organized under the laws of the State of New Jersey with a principle place of business located at 2371 Route 36N., Atlantic Highlands, New Jersey, 07716. Upon information and belief, TOP TOMATO GOURMET MARKET & PHARMACY INC. operates Top Tomato Route 36N.

12. Individual Defendants:

(a) SALVATORE SCIANDRA SR., father of ANTHONY SCIANDRA, STEVEN SCIANDRA and PETER SCIANDRA, is the founder of the Top Tomato supermarket brand.

(b) Each of SALVATORE SCIANDRA SR., ANTHONY SCIANDRA, PETER SCIANDRA, and STEVEN SCIANDRA is the co-owner and principal of each of Corporate Defendants. They each exercise operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. They each exercise the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees, and maintain and keep employment records of employees, including those of Plaintiffs, FLSA Collective Plaintiffs and the Class at each of the supermarket locations. At all times, employees could complain to each of Individual Defendants directly regarding any of the terms of their employment, and they each would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Each of the Individual Defendants regularly visits each of the Top Tomato Supermarkets and they directly reprimand any employee who does not perform his duties correctly.

(c) Each of ANTHONY SCIANDRA, SALVATORE SCIANDRA SR., PETER SCIANDRA, and STEVEN SCIANDRA additionally have the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiffs, FLSA Collective Plaintiffs and the Class. They each exercise functional control over the business and financial operations of all Corporate Defendants. They each ensure that employees properly stock the

7

merchandise and effectively serve and cater to customers to ensure that the Top Tomato Supermarkets are operating efficiently and profitably.

13. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. With respect to all FLSA Collective Plaintiffs, Defendants failed to pay them for hours worked in excess of 40 per week because they paid their non-exempt employees on a fixed salary basis.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to

Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK AND NEW JERSEY**

18. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. Plaintiffs Arturo Martinez and Onesimo Prado are members of the Class.

21. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of failing to pay overtime compensation due to a policy of paying non-exempt employees on a fixed salary basis. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful

9

acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the states violate the state laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiffs and the Class within the meaning of the applicable state law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

    d) Whether Defendants paid Class members proper overtime compensation at time-and-one-half of their regular rate of pay;

    e) Whether Defendants provided proper wage statements informing Plaintiffs and Class members of their regular rate of pay, proper overtime rate of compensation and other information required to be provided on wage statements;

    f) Whether Defendants provided to Plaintiffs and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the applicable state law; and

    g) Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by the applicable state law.

## STATEMENT OF FACTS

26. In or around March 2002, Plaintiff Arturo Martinez was hired by Defendants to work at Top Tomato Victory Blvd in the produce section as a stock clerk. Plaintiff Arturo Martinez worked at such location until September 16, 2014, when he was terminated.

27. At all times during Plaintiff Arturo Martinez's employment with Defendants, Plaintiff Arturo Martinez's regular work schedule was 7 a.m. to 6 p.m. for six (6) days per week for a 66 hour workweek.

28. Throughout his entire employment, Plaintiff Arturo Martinez was paid on a fixed weekly salary basis, and received his compensation by part check and part cash from June 2008 to June 2010, and solely in cash from July 2010 until his termination. Specifically, from June 2008 to June 2010, Plaintiff Arturo Martinez was paid $500 in check and $350 in cash per week. From June 2010 until his termination, Plaintiff Arturo Martinez was paid $900 in cash per week.

29. In or around March 2005, Plaintiff Onesimo Prado was hired by Defendants to work at Top Tomato Victory Blvd in the produce section as a store clerk. In or around June 2011, Plaintiff Onesimo Prado was transferred to Top Tomato Brick Blvd, where he remained until his termination on August 25, 2015.

30. At all times throughout Plaintiff Onesimo Prado's employment with Defendants, his regular work schedule was 8 a.m. to 6 p.m. Monday through Thursday, 8 a.m. to 9 p.m. on

Fridays, and 8 a.m. to 7 p.m. on Saturdays, for a total of 64 hours per week. Plaintiff Onesimo Prado had the same work schedule regardless of the location he worked.

31. Throughout his entire employment, Plaintiff Onesimo Prado was paid on a fixed weekly salary basis, and received his compensation solely in cash from the beginning of his employment until June 2012, when he started receiving his compensation by part check and part cash. Specifically, from June 2009 until June 2010, Plaintiff Onesimo Prado was paid $850 per week in cash. From June 2010 until June 2011, Plaintiff Onesimo Prado was paid $900 per week in cash. From June 2011 until June 2012, Plaintiff Onesimo Prado was paid $950 per week in cash. From June 2012 until his termination, Plaintiff Onesimo Prado was paid $1,030 per week, part check and part cash. Plaintiff Onesimo Prado's check and cash portions of his compensation would vary week by week, but his total weekly compensation would always equal $1,030.

32. Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class were all similarly paid on a fixed salary basis and were not compensated for hours worked over forty per week. There was no agreement that their compensation was ever intended to cover hours worked in excess of 40 hours per week.

33. Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class regularly worked in excess of forty hours per week. Further, the workdays of Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class regularly exceeded ten hours.

34. Plaintiffs, the FLSA Collective Plaintiffs and Class members did not receive proper notices of their regular hourly rate of pay or their overtime rate of pay, among other requirements, at the time of hiring or annually thereafter. Furthermore, they did not receive proper wage statements, informing them of their regular rate of pay, actual hours worked, overtime rate of pay, among other requirements, during their employment.

35. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York and New Jersey state overtime rate (of time and one-half) to the Plaintiffs, FLSA Collective Plaintiff and Class members.

36. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and Class members, even though their workday regularly exceeded 10 hours.

37. Defendants knowingly and willfully failed to provide Plaintiffs or Class members with proper wage notices at the time of hiring or annually thereafter as required by NYLL, nor did they provide Plaintiffs or Class members proper wage statements as required by NYLL. The wage statements provided to Plaintiffs and Class members were fraudulent because they only state the portion of their compensation paid in checks but not the portion paid in cash.

38. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

39. Plaintiffs reallege and reaver Paragraphs 1 through 38 of this class and collective action Complaint as if fully set forth herein.

40. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

41. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

42. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

43. At all relevant times, the Defendants had a policy and practice of failing to compensate Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of 40 per week. As factually described above, Defendants paid Plaintiffs and FLSA Collective Plaintiffs on a fixed salary basis and are liable for unpaid overtime compensation.

44. Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

46. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

47. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, plus an equal amount as liquidated damages.

48. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF APPLICABLE STATE LAW IN EACH OF NEW YORK AND NEW JERSEY ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

49. Plaintiffs reallege and reaver Paragraphs 1 through 48 of this class and collective action Complaint as if fully set forth herein.

50. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the applicable state law.

51. Defendants knowingly and willfully violated Plaintiffs' and Class members' rights by failing to compensate them for the hours worked in excess of 40 per week. Defendants knowingly and willfully paid Plaintiffs and Class members on a fixed salary basis even though their workweek regularly exceeded 40 hours.

52. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiffs and Class members the spread of hours premium, even though Plaintiffs and Class members had workdays which regularly exceeded 10 hours.

53. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the applicable state law.

54. Defendants failed to provide proper wage statements with every payment as required by the applicable state law. Defendants knowingly and willfully provided fraudulent wage statements to Plaintiffs and Class members.

55. Due to the Defendants' state law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime compensation, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated

damages, statutory penalties and costs and disbursements of the action, pursuant to the applicable state law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the applicable state law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime wages due under the FLSA and the applicable state laws;

d. An award of unpaid spread of hours premium under the applicable state law;

e. An award of statutory penalties as a result of Defendants' failure to comply with state law wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wage pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wage and unpaid spread of hours premium pursuant to the applicable state laws;

h. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

17

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiffs as Representatives of Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: April 20, 2015

    Respectfully submitted,

    Lee Litigation Group, PLLC
    C.K. Lee (CL 4086)
    Anne Seelig (AS 3976)
    30 East 39th Street, Second Floor
    New York, NY 10016
    Tel.: 212-465-1188
    Fax: 212-465-1181
    *Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
    C.K. Lee, Esq. (CL 4086)